**Jimmy Dale SMITH, Plaintiff–Appellant,**

v.

**Inocentes SATOR, Dr., in his official and individual capacity, et al., Defendants–Appellees.**

**No. 03–6188.**

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

Jimmy Dale Smith, Only, TN, pro se.

Kimberly J. Dean, Stephanie R. Reevers, Asst. Atty. General, Office of the Attorney General, Nashville, TN, for Defendant–Appellee.

Before: SILER and ROGERS, Circuit Judges; and FORESTER, District Judge.*

## ORDER

Jimmy D. Smith, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith brings this action against the following defendants: 1) Dr. Inocentes Sator, M.D., Turner Center Industrial Prison ("TCIP"); 2) Kevin Rea, Clinic Supervisor, TCIP; 3) Correctional Medical Service ("CMS"); and 4) Jim Dickman, Tennessee Department of Corrections, Central Records, TCIP. Smith alleges that the defendants denied him medical care for various medical conditions in violation of his rights under the Eighth Amendment. He seeks compensatory and punitive damages, as well as injunctive relief. The district court dismissed the complaint as frivolous within the meaning of 28 U.S.C. § 1915A. This appeal followed.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The Prison Litigation Reform Act requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim is factually frivolous when it is based on fanciful factual allegations; claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *Id.* at 325, 327–28. Smith's complaint clearly meets these criteria.

Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment because such indifference constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The defendants' conduct or lack of conduct must demonstrate a knowing indifference to serious medical needs. *See, e.g., Hicks v. Frey*, 992 F.2d 1450, 1454–57 (6th Cir.1993). A prison official exhibits deliberate indifference by intentionally denying or delaying access to medical care. *Estelle*, 429 U.S. at 104–05. "Deliberate indifference, however, does not include negligence in diagnosing a medical condition." *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir.1995). Moreover, differences of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do not state an Eighth Amendment claim. *Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

A plain reading of the complaint, and attachments thereto, reveals that Smith has not been denied medical care. On the contrary, it appears that medical care has been provided whenever Smith sought it for each of his many alleged ailments. Smith's sole complaint is that the defendants have not provided specialized medical tests that he—Smith—views as necessary, based on his reading of medical literature during his years of imprisonment.

Here, Smith's claims amount to nothing more than a difference of opinion regarding the medical diagnosis and treatment he has been provided. As previously stated, such differences of opinion do not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Moreover, where, as here, the plaintiff has received some medical attention, but disputes the adequacy of that treatment, a federal court will not second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.